```
MICHAEL H. LUU, SBN 177818
Attorney at Law
2290 Tully Road
San Jose, CA 95122
Telephone (408) 425-6221
Fax (408) 270-2405

Attorney for Debtor-in-Possession
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>**PETER NGUYEN**<br><br>Debtor-in-Possesssion, | Case No. 10-33514 TEC<br><br>**CHAPTER 11**<br><br>**DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN**<br><br>Date: Jul 8th, 2011<br>Time: 9:30 AM<br>Court: Hon Thomas E. Carlson<br>       235 Pine St, 23rd Floor<br>       San Francisco, CA |

## INTRODUCTION

This second Amended Chapter 11 plan of reorganization (the Plan) provides for the restructuring of the debts of Peter Nguyen. If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim or accept the Plan, and whether or not their claims are allowed.

All creditors should refer to Parts 1 – 4 of the Plan for information regarding the precise treatment of their claims. A disclosure statement that provides additional information is being circulated with the Plan. The disclosure statement is descriptive and explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

**PART 1: SECURED CREDITORS**

**Class 1a-1b – One West Bank (Primary Residence) - Unimpaired.**

One West Bank is owed approximately $708.586 which is secured by a deed of trust in first position on the Debtor's residence (3 Skyline Dr, Daly City, CA). Debtor is $10,836 in Arears payments to One West Bank. Debtor will continue to make the regular monthly payment pursuant to the terms of the note. Debtor will pay the $10,836 arrears payment on the effective date of the Plan. Wells Fargo shall retain its lien in the same order and priority it had prior to the filing. Wells Fargo Bank is Unimpaired.

| Name of Creditor | Description of Property | Amount Due | Estimated Value of Property | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| **Class 1a:** OneWest Bank (Acct # 8069) | 3 Skyline Dr, Daly City, CA 94015 (primary residence) | $708,586 | *Primary residence. Secured claim of OneWest of $708,586 remains the same | 7% As agreed on the original mortgage contract | $2,552 per month for the remaining months of the mortgage contract, $752 property tax and $65 insurance |
| **Class 1b:** OneWest Bank (Acct # 8069) | 3 Skyline Dr, Daly City, CA 94015 (primary residence) | $10,836 | *Primary residence. Secured claim of OneWest of $708,586 remains the same | 7% plus late fees as agreed on the original mortgage contract | $10,836 Arrears payment due ($1097 for 12/1/10, $3,246 for 12/10, $3,246 for 1/11 and $3,246 for 2/11) will be paid on the effective date of the Plan |

**Classes 1c-1d (California Properties). Pay Value of Collateral over Time.**

Debtor will pay the amount of the underlying debt that is equal to the value of the collateral. Debtor will pay that amount with interest from the Effective Date of the Plan through monthly

2
AMENDED CHAPTER 11 PLAN

payments as set forth below.  Payments will be due on the 10th day of the month, starting on the effective date.

| Name of Creditor | Description of Property | Amount Due | Estimated Value of Property | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| **Class 1c:** Wells Fargo Bank (Acct # 9321) | 872 Beechwood Dr, Daly City, CA 94015 | $619,988 | Secured claim of Wells Fargo Bank of $619,998 remains the same | Adjustable Mortgage Rate starting 7/1/2005 and ending 6/15/2035 | $1,470 per month for the remaining months of the mortgage contract ($450 property tax and $55 insurance) |
| **Class 1d:** Wells Fargo Bank (Acct # 5017) | 6230 Laird Ave, Oakland, CA 94605 | $295,000 | $295,000 | 5% for 360 months | $1,584 per month for 360 months, $292 property tax $33 insurance |

All Motions to Value Collateral and Motions to Avoid Lien have been filed and duly noticed to all affected secured creditors/lienholders.  The Court has granted Orders to all applicable Motions filed as of this date. Lienholder will retain its lien until the secured debt is paid in full.  Upon completion of the payments to the lienholder, the debtor will be entitled to an order expunging or voiding the lien.  Except as modified by this plan, the terms of the lienholder's note and lien will remain the same.

Creditors in this class may not possess or dispose of their collateral so long as Debtor is not in Material Default in performing its obligations under the Plan.  Material Default is defined in Part This class is impaired and is entitled to vote on confirmation of the Plan.  For instructions re voting see the Disclosure Statement.

**Classes 1e-1g (Las Vegas Properties).  Pay Value of Collateral over Time.**

Debtor will pay the amount of the underlying debt that is equal to the value of the collateral. Debtor will pay that amount with interest from the Effective Date of the Plan through monthly

3

AMENDED CHAPTER 11 PLAN

payments as set forth below. Payments will be due on the 10th day of the month, starting on the effective date.

| Name of Creditor | Description of Property | Amount Due | Estimated Value of Property | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| **Class 1e:** Wells Fargo Bank (Acct # 3904) | 6209 Rodman Ridge Ct, Las Vegas, CA 89131 | $269,000 | $269,000 | 5% for 360 months (proposed interest rate) | $1,444 per month for 360 months, $292 property tax $33 insurance |
| **Class 1f:** Wells Fargo Bank (Acct # 6837) | 6025 Chassington Ave, Las Vegas, NV 89131 | $321,573 | $321,573 | 5% for 360 months (proposed interest rate) | $1,726 per month for 360 months, $292 property tax $33 insurance |
| **Class 1g:** JPMorgan Chase Bank (Acct # 9734) | 9794 W. Mesa Vista Dr, Las Vegas, CA 89148 | $192,481 | $192,481 | 5% for 360 months (proposed interest rate) | $1,033 per month for 360 months, $250 property tax $33 insurance |

If a lienholder disputes the value of the collateral stated above by Debtor, such lienholder must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral. Such objection shall be accompanied by competent evidence of value, which need not include an appraisal. If the value of the collateral is disputed, the court, after consultation with the parties, will schedule a hearing for determining value. Lienholder will retain its lien until the secured debt is paid in full. Upon completion of the payments to the lienholder, the debtor will be entitled to an order expunging or voiding the lien. Except as modified by this plan, the terms of the lienholder's note and lien will remain the same.

Creditors in this class may not possess or dispose of their collateral so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 9. This class is impaired and is entitled to vote on confirmation of the Plan. For instructions re voting see the Disclosure Statement.

//

AMENDED CHAPTER 11 PLAN

4

## PART 2: GENERAL UNSECURED CREDITORS

**Class 2(a). Small Claims.**

This class includes any creditor whose allowed claim is $17,000 or less, and any creditor whose allowed claim is larger than $17,000 but agrees to reduce its claim to $17,000. **Each member of this class shall receive on the Effective Date of the Plan a single payment equal to 22% percent** of that creditor's allowed claim.

| Name of Creditor | Amount of Claim | Is Claim Disputed | Amount to be Paid |
|---|---:|:---:|---:|
| **Shadow Mountain Ranch HOA** | $2,933 | no | $645 |
| **Torrey Pine Ranch HOA** | $2,578 | no | $567 |
| **American Express (Acct # 3000)** | $5,719 | no | $1,258 |
| **American Express (Acct # 2000)** | $918 | no | $202 |
| **Home Depot Credit Services (Acct # 1975)** | $1,787 | no | $393 |
| *American Express (Acct # 1007)* | *$1,052* | *no* | *$232* |
| *American Express (Acct # 1005)* | *$1,052* | *no* | *$232* |
| *Hoan Nguyen* | *$2,500* | *no* | *$550* |
| *Phuong Thao Thi Nguyen* | *$2,000* | *no* | *$440* |
| **Wells Fargo Bank (Acct # 6405)** | $3,513 | no | $773 |
| **Wells Fargo Bank (Acct # 3709)** | $995 | no | $219 |
| **Wells Fargo Bank (Acct # 1496)** | $314 | no | $69 |
| **Wells Fargo Bank (Acct # 3691)** | $438 | no | $96 |
| **Wells Fargo Bank (Acct # 2149)** | $665 | no | $146 |
| **Chase Bank (Acct # 7056)** | $14,314 | no | $3,149 |
| **B-Line LLC (Acct # 6521)** | $10,098 | no | $2,222 |
| **Dept of Industrial Relations** | $9,395 | no | $2,067 |
| **Home Depot Credit Services (Acct # 2442)** | $9,314 | no | $2,049 |
| **Wells Fargo Bank (Acct # 1538)** | $14,481 | no | $3,186 |
| **Wells Fargo Bank (Acct # 3021)** | $16,645 | no | $3,662 |
| *Total* | *$100,711* | | *$22,158* |

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 9. This class is impaired and is entitled to vote on confirmation of the Plan. For instructions re: voting and objections to confirmation see the Disclosure Statement.

**Class 2(b). General Unsecured Defficiency Claims.**

Every other general unsecured creditor (including claims from rejected executory contracts) **shall be paid 10 percent of its allowed claim in 72 equal monthly installments.** Payments will be due on the 10th day of the month starting the month after the effective date of the plan.

| Name of Creditor | Amount of Claim | Is Claim Disputed | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|
| Wells Fargo Bank (Rental 1 - Beechwood, Daly City) | $70,701 | no | $7,070 | $98 |
| Wells Fargo Bank (Rental 2 -Laird, Oakland) | $113,948 | no | $11,395 | $158 |
| Wells Fargo Bank (Rental 3 -Rodman Ridge, Las Vegas) | $172,477 | no | $17,248 | $240 |
| Wells Fargo Bank (Rental 4 -Chassington, Las Vegas) | $145,963 | no | $14,596 | $203 |
| JPMorgan Chase Bank (Rental 5 -Mesa Vista, Las Vegas) | $154,154 | no | $15,415 | $214 |
| **Total** | **$657,243** | | **$65,724** | **$913** |

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. The lienholders in this class will be subject to having their lien removed and vacated from the collateral upon satisfaction of their allowed claim or completion of the payments accorded to the lienholder under this plan. Material Default is defined in Part 9. This class is impaired and is entitled to vote on confirmation of the Plan. For instructions re voting and objections to confirmation see the Disclosure Statement.

**PART 3: PRIORITY CLAIMS AND EXPENSES OF ADMINISTRATION**

**(a) Professional Fees.**

Professional fees may be paid only upon application and approval by the Bankruptcy Court. Holders of administrative claims for unpaid professional fees are not entitled to vote on confirmation of the Plan.

(1) Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| **Michael H. Luu, Attorney for the Debtor, Peter Nguyen** | $25,000 |

(2) The following professionals have agreed to accept payment in full over time without interest as follows. Payments will be made monthly, due on the 10th day of the month, starting on the effective date of the plan.

| Name and Role of Professional | Estimated Amount | Payment Amount | Number of Pymts |
|---|---|---|---|
| **Michael H. Luu, Attorney for the Debtor, Peter Nguyen** | The balance of the amount the court has approved for payment to the professional which was not paid as of the effective date | $300 per month | until the court approved balance is paid in full |

*Administrative priority creditors may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 9.*

**(b) Other Administrative Claims.**

Debtor will pay other claims entitled to priority under section 503(b) in full on the Effective Date. Ordinary course of business payments will be made when due. Holders of administrative claims are not entitled to vote on confirmation of the Plan.

7

AMENDED CHAPTER 11 PLAN

| Name of Creditor (Other than ordinary course) | Estimated Amount of Claim |
|---|---|
| None | None |

*Administrative priority creditors may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 9.*

**(c) Tax Claims.**

Debtor will pay claims entitled to priority under section 507(a)(8) in full over time with interest in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made monthly due on the 10th day of the month starting on the effective date of the plan. Holders of priority tax claims are not entitled to vote on confirmation of the Plan.

| Name of Creditor (Other than ordinary course) | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Pymts |
|---|---|---|---|---|
| None | None | None | None | None |

*Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 9.*

**(d) Priority Rental Deposit Claims.**

Debtor will pay claims entitled to priority under section 507(a)(8) in full over time with interest in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made when the lease became due and not renewed by the tenants. The last month payment deposit shall be applied as the last month rent prior to lease termination. Holders of priority rental deposit claims are not entitled to vote on confirmation of the Plan.

8

AMENDED CHAPTER 11 PLAN

| Name of Creditor (Other than ordinary course) | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Pymts |
|---|---|---|---|---|
| CESAR GARCIA<br>6230 LAIRD AVE<br>Oakland, CA 94605 | $2,400 (last month deposit) | None | Payment shall be applied as last month rentpayment when lease expired and not renewed | None |
| PATRICK J WALSH<br>872 BEECHWOOD DR<br>Daly City, CA 94015 | $1,850 (last month deposit) | None | Payment shall be applied as last month rent payment when lease expired and not renewed | None |

*Priority Rental Deposit Claims may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 9.*

## PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**(a) Executory Contracts/Leases Assumed.**

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan and shall perform all obligations thereunder, both pre-confirmation and post-confirmation. Any pre-confirmation arrearage will be paid on the Effective Date, unless the parties agree otherwise, or the court finds that a proposed payment schedule provides adequate assurance of future performance. Post-confirmation obligations will be paid as they come due.

| Name of Lessor/Counterparty | Property Address or Description | Lease/Contract Arrears as of Effective Date |
|---|---|---|
| Hoan and An Le | 3 Skyline Dr, Daly City, CA 94015 (primary residence) | None |
| Patrick J Walsh | 872 Beechwood Dr, Daly City, CA 94015 | None |
| Cesar Garcia | 6230 Laird Ave, Oakland, CA 94605 | None |
| David & Vic Pisani | 6209 Rodman Ridge Ct, Las Vegas, CA 89131 | None |
| Tonya Jackson | 6025 Chassington Ave, Las Vegas, NV 89131 | None |

9

AMENDED CHAPTER 11 PLAN

| Nyesha Walker | 9794 W. Mesa Vista Dr, Las Vegas, CA 89148 | None |

**(b) Executory Contracts/Leases Rejected.**

The debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in property securing these executory contracts and/or unexpired leases. The Debtor waives the protection of the automatic stay and allows the affected creditor to obtain possession and dispose of its collateral, without further order of the court. Upon the date of the entry of the order confirming this Plan, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in paragraph (a) above. A proof of claim arising from the rejection of an executory contract or unexpired lease must be filed no later than sixty (60) days after the date of the order confirming this Plan. Claims arising from rejection of executory contracts shall be included in Class 2 (general unsecured claims).

| Name of Creditor/Lessor | Property Address or Description |
|---|---|
| None | None |

### PART 5: DISPUTED CLAIMS

Debtor does not dispute any claims.

### PART 6: MEANS OF EXECUTION

The Plan will be funded through monthly payments from future income and cash on hand available to the debtor as of the effective date of the plan. Below is the debtor's projected income and expenses.

| INCOME: | | | |
|---|---|---|---|
| **Current Rental Monthly** | | | |
| 1. Roommate Rental @ Primary | **$1,400** | | |
| 2. Rental 1 (Beechwood) | **$1,850** | | |

10

AMENDED CHAPTER 11 PLAN

| | | | |
|---|---:|---:|---:|
| 3. Rental 2 (Laird) | **$2,400** | | |
| 4. Rental 3 (Rodman Ridge, LV) | **$1,800** | | |
| 5. Rental 4 (Chessington, LV) | **$2,996** | | |
| 6. Rental 5 (Mesa Vista, LV) | **$2,126** | | |
| **Current 1099 Income (Hardwood Floor Complete, Inc's fixed payment per month)** | **$2,500** | | |
| **Total Income** | **$15,072** | | |
| **PROJECTED EXPENSES BELOW** | | | |
| **Projected Mortgage for: 3 Skyline Blvd, Daly City, CA (Primary Residence)** | | **($2,552)** | |
| Taxes | | **($752)** | |
| Insurance | | **($65)** | |
| Sub-total (Primary Residence) | | | **($3,369)** |
| **Projected Mortgage for: 872 Beechwood Dr, Daly City, CA (Rental 1)** | | **($1,470)** | |
| Taxes | | **($450)** | |
| Insurance | | **($55)** | |
| Sub-total (Rental 1) | | | **($1,975)** |
| **Projected Mortgage for: 6230 Laird Ave, Oakland CA (Rental 2)** | | **($1,584)** | |
| Taxes | | **($292)** | |
| Insurance | | **($33)** | |
| Sub-total (Rental 2) | | | **($1,908)** |
| **Projected Mortgage for: 6209 Rodman Ridge, LV (Rental 3)** | | **($1,444)** | |
| **Torrey Pine Ranch HOA** | | **($66)** | |
| Taxes | | **($292)** | |
| Insurance | | **($33)** | |
| Sub-total (Rental 3) | | | **($1,835)** |
| **Projected Mortgage for: 6205 Chassington, LV (Rental 4)** | | **($1,726)** | |
| **HOA** | | **($25)** | |
| Taxes | | **($292)** | |
| Insurance | | **($33)** | |
| Sub-total (Rental 4) | | | **($2,076)** |

| | | | |
|---|---|---|---|
| **Projected Mortgage for: 9794 Mesa Vista Dr, LV (Rental 5)** | | **($1,033)** | |
| **Shadow Mountain Ranch HOA** | | **($23)** | |
| Taxes | | ($250) | |
| Insurance | | ($33) | |
| Sub-total (Rental5) | | | **($1,339)** |
| **Personal Expenses** | | | |
| Electricity and Heat Fuel | | ($80) | |
| Water and Sewer | | ($30) | |
| Telephone | | ($30) | |
| Cell phone | | ($80) | |
| Food | | ($300) | |
| Transportation | | ($300) | |
| Health Insurance (paid by corporation) | | (00) | |
| Auto Insurance | | ($150) | |
| Total Personal Expenses | | **($1,320)** | **($1,320)** |
| Repairs and Deferred Maintenance of Properties/Vacancy | | ($556) | |
| US Trustee's Fee | | ($108) | |
| Sub-total: | | **($664)** | **($664)** |
| **TOTAL ESTIMATED EXPENSES** | | | **($14,136)** |
| | | | |
| Average Monthly Income: | **$15,072** | | |
| Monthly Income: | | | **$15,072** |
| Disposable Income | | | **$936** |
| **Proposed Monthly Plan Payment** | | | **$913** |

As of **February 28, 2011**, the debtor had cash on hand in the amount of **$36,139** and expects to have at least this sum as of the effective date of the plan.

PART 8: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

**(a) Discharge.**

As debtor is an individual, unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan will not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;

Alternatively, at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor even if he has not completed all payments under the plan if—

    (i)    the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is

    (ii)    not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date; and

    (ii) modification of the plan under section 1127 is not practicable.

When the debtor applies for a final discharge, the debtor will provide an accounting to all interested parties as to the payments that have been made under the plan.

Prior to the application for a final discharge, the debtor will request entry of a final decree as soon as is feasible which may occur after the initial payments to the creditors have been made.

**(b) Vesting of Property.**

On the Effective Date, all property of the estate will vest in the reorganized Debtor pursuant to § 1141(b) of the Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to chapter 7 as provided in Part 9(f) below, provided that the vesting of said property will be without prejudice and will not act as a bar to a post confirmation motion to convert this case to one under chapter 7 by any party-in-interest on any appropriate grounds. The granting of such motion will revest all of the Debtor's property not already administered into the chapter 7 estate.

(a) **Plan Creates New Obligations.**

Except as provided in Part 9, paragraph (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract

13

AMENDED CHAPTER 11 PLAN

under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

## PART 9: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN

**(a) Automatic Stay Vacated.**

The automatic stay of section 362(a) of the Bankruptcy Code terminates as of the Effective Date of the Plan.

**(b) Creditor Action Restrained.**

The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, notwithstanding paragraph (a) above, a creditor may not take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in Material Default under the Plan, as defined in paragraph (c) below.

**(c) Material Default Defined.**

If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 10 calendar days after the time specified in the Plan for such payment or other performance, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 20 calendar days after the date of service of the notice of default either: (i) to cure the default; or (ii) to obtain from the court an extension of time to cure the default, or a determination that no default occurred, then Debtor is in Material Default under the Plan.

**(d) Remedies Upon Material Default.**

Upon Material Default, an affected creditor may:

(i) Take any actions permitted under applicable nonBankruptcy law to enforce the obligation due the affected creditor under the Plan, and may accelerate the time for

14

AMENDED CHAPTER 11 PLAN

performance of all payments and other performance due to the creditor over the course of the Plan and not yet performed at the time of the Material Default; or

(ii) File and serve a motion to convert the case to one under chapter 7.

**(e) Claims not Affected by Plan.**

Upon confirmation of the Plan, any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

**(f) Effect of Conversion to Chapter 7.**

If the case is at any time converted to one under chapter 7:

(i) All property of the Debtor as of the date of conversion, whether acquired pre-confirmation or post-confirmation, shall vest in the chapter 7 bankruptcy estate; and

(ii) All creditors, whether their claims arose pre-confirmation or post-confirmation, are prohibited from taking action against the chapter 7 bankruptcy estate or property of the estate by section 362 of the Bankruptcy Code.

**(g) Retention of Jurisdiction.**

This court shall retain jurisdiction over proceedings: (i) to determine whether Debtor has defaulted in performance of any Plan obligation; (ii) to determine whether the time for performing any Plan obligation should be extended; (iii) to determine whether the case should be converted to one under chapter 7 (and proceedings following any such conversion); (iv) to determine whether Debtor is in Material Default; and (v) any enforcement action permitted under paragraph (d)(1) of Part 10, above.

**PART 10: GENERAL PROVISIONS**

**(a) Effective Date of Plan.**

The Effective Date of the Plan is the eleventh business day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, the Plan proponent may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

**(b) Cramdown.**

Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors.

**(c) Severability.**

If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

**(d) Binding Effect.**

The rights and obligations of any entity named or referred to in the Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**(e) Captions.**

The heading contained in the Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

**(f) Controlling Effect.**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in the Plan.

**(g) Duration of Plan**.

The debtor's plan will take approximately 360 months from the effective date of the plan to be completed unless, for cause, a longer period is necessary. However, payments to the unsecured creditors will take only approximately 72 months to complete.

**(h) Prepayment;**

Debtor shall have the privilege of prepayment in any amount at any time as to any class of creditors (but not disproportionately as to any creditor within any class).

**(i) Payment of trustee fee and filing of quarterly reports.**

The debtor will continue to pay the U. S. Trustee the quarterly fees and file his post-confirmation reports until entry of the final decree, dismissal, closure or conversion of its case.

**(j) Appointment of disbursing agent**

The debtor will act as his own disbursing agent for this plan.

DATED: June 7, 2011

*/s/Peter Nguyen*
**PETER NGUYEN, Debtor**

DATED: June 7, 2011

*/s/ Michael H. Luu*
**MICHAEL H. LUU,**
Attorney for Debtor